IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. SAG -19-0039 |
| | ) | |
| JEAN BUTEAU REMARQUE | ) | |
| **Defendant** | ) | |

## MOTION TO DISMISS THE INDICTMENT FOR PROSECUTORIAL VINDICTIVENESS

Come Now the Defendant herein, Jean Remarque, through his counsel, Attorney Donald LaRoche, Esq., moves this Honorable Court, pursuant to the Rule 12 (b)(3)(B) of the Federal Rules Criminal Procedures requiring that defendants bring all motions to dismiss defective indictments before trial and Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibiting a prosecutor from using criminal charges to penalize a defendant's valid exercise of constitutional or statutory rights, to dismiss the Second Superseding Indictment on several grounds including, but not limited to prosecutorial vindictiveness, and in support thereof does state as follows:

**A. PROCEDURAL HISTORY**

The whole case against Mr. Remarque stems from a challenged entry into his residence by law enforcement agents from the Department of Homeland Security ("DHS") on July 17, 2018, and the search and recovery of what appeared to be images of child pornography ("CP")

1

from a single password-unprotected Toshiba hard drive ("thumb drive") found in Defendant's marital home.

Insofar as the defense has been able to ascertain, the Government's claim is the information in question came to law enforcement from Mrs. Wanna Nedgie Crevecoeur, Mr. Remarque's then-estranged wife who was also involved in an acrimonious divorce against Mr. Remarque and wants to "withdraw from an agreement signed with the Federal Government to financially support the immigration of husband and stepson." During May, 2018, three months after an incident, the defendant's then-estranged wife filed a police complaint alleging that on or about February 8, 2018, she unlawfully accessed supposedly Mr. Remarque's cellular phone, while he was at work, without his knowledge and consent, and obtained screen captured images of WhatsApp conversations between an individual whom appeared to be Mr. Remarque and a "self-identified 15 years girl" in Haiti. However, no evidence has been adduced regarding the age and identify of the "minor," nor evidence tying Mr. Remarque with the WhatsApp account and the messages. Mrs. Crevecoeur also claim of photos of other, unclothed, minor females, and that some had "ejaculate" on their genitalia. ECF # 69, Ex. 1 id. pp. 17-18. No basis for this "knowledge has been supplied."

Indeed, law enforcement, without conducting any independent investigation to corroborate the estranged wife's tip, as well as her credibility and reliability, applied for an overbroad search warrant to conduct a search and seizure at Mr. Remarque's marital home. After the search, Defendant was indicted on one-count indictment with possessing CP, in violation of 18 U.S.C 2252A (a)(5)(B) on January 28, 2019. This charge carried a statutory sentencing range of zero to ten years' imprisonment. See 18 U.S.C. 2252A (b)(2).

On January 11, 2019, Defendant was arraignment and entered a plea of not guilty. The Defendant was represented by Assistant Federal Public Defender, who filed a motion to suppress the tangible evidence and statements obtained by law enforcement in violation to the U.S. Constitution, through two motions to suppress filed on February 12, 2019. See (ECF # 16 & 17.) However, at this time, the Defendant was never informed that two motions to suppress were filed on his behalf nor any discovery material was disclosed to him. Before the Court held a hearing to dispose of the motions to suppress and pretrial conference scheduled for March 5, 2019, the Assistant Public Defender brought a plea agreement to Defendant.

Mr. Remarque rejected the plea deal and elected for a jury trial to confront his accusers and challenge the Government evidence. The outstanding motions to suppress stayed pending on the docket for over one year. Instead of filling a response to the motions, the prosecution engaged in deceptive tactics consisting in forfeiting Mr. Remarque's speedy trial and coercing him to plead guilty by failing to provide sufficient discovery material necessary to his defense. This was very prejudicial to Mr. Remarque, because the Government failed to set forth a sufficient basis upon which to frame objections and pretrial motions in violation of Mr. Remarque's Due Process of Law and the Government's obligations as set out per statute, rules, and its own discovery agreement. See (ECF # 61 Id. 1-3).

On September 25, 2019, the District Court issued a pretrial scheduling order. Defendant's trial was scheduled to begin on March 30, 2020 and the pretrial motion hearing was set for January 3, 2020. Right after the Court issued the pretrial scheduling order, the Government, on October 9, 2019, obtained a Superseding Indictment charging Mr. Remarque with two counts of receipt of child pornography, in violation of 18 U.S.C. 2252A(a)(2), in addition to the previously charged count of possession of CP. This new charge carries a five-

year mandatory minimum sentence and statutory sentence range of five to twenty years in prison. See (18 U.S.C. 2252A(b)(1)).

The defense filed a motion to dismiss Count 2 of the first Superseding Indictment on multiplicity ground. See (ECF # 64). On December 18, 2019, the Government obtained a Second Superseding Indictment where it claimed that "Counts One & Two charged receipt of two separate images on two separate dates." The Superseding Indictment has been drafted in a misleading and insufficient manner. Mr. Remarque is prejudiced and misled because from a commonsense construction, the superseding indictment falsely led the Defendant and defense to believe that the images constituting the "receipt" charge were found on a Lenovo Laptop, which is totally wrong. It was based on only one single unprotected-password Toshiba thumb-drive. The insufficiency of the superseding indictment unfairly surprised Mr. Remarque because it did not contain sufficient details for him to adequately defend the charges and frame a double jeopardy claim.

As such, contrary to the Government's assertion, in his motion, the charge in the Superseding Indictment is not based on any new evidence that the Government obtained after the initial indictment. See (ECF # 69 Id 24). Therefore, if the receipt charge was non-frivolous, unsubstantiated, the Government could have charged Mr. Remarque with the harsher receipt offense at any point during about nine months prior the issuance of the Court's Pretrial Scheduling Order including a trial date. But the Government had no reasonable ground to change its theory of the case at that point, meaning that the Government's conduct is a presumptively retaliatory response to Mr. Remarque's election to go to trial and to appeal his oppressive detention.

**B. LEGAL STANDARD**

The Due Process Clause prohibits a prosecutor from using criminal charges to penalize a defendant's valid exercise of his constitutional and statutory rights. See *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a Due Process violation of the most basic sort."). *United States v. Wilson*, 262 F. 3d 305, 314 (4th Cir. 2001) (Due Process violated if prosecutor seeks to punish defendant for exercising protected legal rights).

In *Blackledge v. Perry* 417 U.S.21, 28-29 (1974). The Court limited its holding to cases in which the Prosecutor could have brought the more serious charge at the outset. *Id.* at 29 n. 7. See *United States v. Ribota*, 792 F.3d 837, 841 (7th Cir. 2015) (no presumption when challenged charge is independent of initial charge and based on different conduct). Although, a presumption of vindictiveness ordinarily does not arise pretrial.

The Ninth Circuit has adopted an appearance-of vindictiveness test based on the totality of the circumstances surrounding new charges, with one factor being whether the new charges arise out of the same facts as the initial charges. However, in this case, the frivolous and egregious nature of the "receipt" charge - as well as the fact that it is not based on new evidence, shows animus, improper motives, and bad faith from Prosecutor AUSA Kristi Noel O'Malley.

**C. ARGUMENTS**

In *United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013), the District Court dismissed the Defendant's Superseding Indictment for prosecutorial vindictiveness and on appeal, the Court of Appeals for the Sixth Circuit affirmed the lower court's decision. Mr. Remarque's situation is identical with *LaDeau* court.

In *LaDeau*, the defendant was indicted on a single count of possessing child pornography, in violation of 18 U.S.C. 2252A(a)(5)(A). This charged prescribed a sentencing range of zero to ten years' imprisonment. Subsequently, LaDeau moved to suppress the evidence that he had any such materials in his possession. The District Court denied LaDeau's first motion to suppress, and then granted it upon reconsideration.

The Government sought and obtained a superseding one-count indictment charging LaDeau with conspiracy offense on evidence that had been in the Government's possession since before the initial indictment. Rather than charging LaDeau in the superseding indictment with conspiring to possess CP, the Government chose to charge him with conspiring to "receive" CP - a charging decision that subjected LaDeau to a five-to-twenty-year prison term instead of previously applicable statutory range zero to ten years. Defendant LaDeau then moved that the Government's decision to change to a receipt theory warrant a presumption of prosecutorial vindictiveness, inasmuch as there was a realistic likelihood that LaDeau was being charged with a more serious offense in retaliation for his successful suppression motion. Concluding that the Government had not rebutted the presumption of vindictiveness, the District Court dismissed the superseding indictment.

In the case at bar, like in *LaDeau*, the Government brought a frivolous and foundationless more serious charge with higher penalty nine months later, after the Defendant had rejected a plea deal, carrying a sentence of not less 36 months and not more than 51 months of imprisonment for the original indictment charging of possessing of only three pictures that appeared to be CP.

Because the Defendant elected to go to trial to challenge the evidence presented by the Government and confront his accusers, the prosecutor brought a more serious charge to make

6

it more difficult for the Defendant to obtain bail and deterring his exercise of rights to a jury trial.

A presumption of vindictiveness arises here because AUSA O'Malley's conduct of bringing a superseding indictment nine months after the original indictment and two months later, a second superseding indictment, was not only unreasonable but it showed that she had some stake in deterring Mr. Remarque's exercise of his constitutional rights. See *United States v. LaDeau,* 734 F. 3d 561, 569-70 (6th Cir. 2013) (presumption when the defendant's successful pretrial motion to suppress led to dismissal and superseding indictment was based on same conduct underlying lesser charge in initial indictment). *United States v. Garza-Juarez*, 992 F.2d 896, 907 (9th Cir. 1993) (presumption existed when Government followed through on threat to withdraw plea deal if defendant proceeded with motion to dismiss); *United States v. Meyer*, 810 F.2d 1242, 1245-46 (D.C. Cir.) (presumption where prosecutor brought more charges against defendants who exercised right to go to trial than against defendants who did not).

**D. THE SUPERSEDING CHARGE IS IMPROPER AND VIOLATES DUE PROCESS**

Courts, however, must ensure that the Government does not bring charges for improper purposes, such as retaliation. The basis for this judicial oversight is to protect defendants' due process rights from government infringement.[1] Here, the Government's rational for the superseding charge is improper and unreasonable in so many respects.

First, the superseding indictment is insufficient because it failed to include information about all essential elements of the alleged offense that would allow the Defendant to formulate a Double Jeopardy claim. Indeed, the Defendant is charged for possessing what appeared to be

---

[1] The Due Process Clause of the Fifth Amendment mandates: "[n]o person shall be... deprived of life, liberty, or property, without due process of law."

five CP pictures forming the possession and receipt charges coming from a single-thumb drive found in the Defendant's residence on July 17, 2018. None of this appears in the face of the indictment. Therefore, it is implausible and unreasonable that nine months later, the Government doctored a "new receipt theory" based on the same images, all coming from a single device.

Second, to understand the impropriety and unreasonableness of the superseding charge, the Court should go, not in the superseding indictment as required by the Sixth Amendment, but the summary transcript of the Grand Jury proceedings of October 9, 2019. The DHS Special Agent Christine Carlson did something egregious and unprecedented. She contends that the two images which formed Count I & II appear to be "screenshots" "taken of webpages" on "cellular phone." However, no websites were identified neither in the indictment nor anywhere else in the discovery material provided by the Government. Also, no specific description of the "cellular phone" used has been adduced as evidence.

Third, the second superseding charge is based only on titles given to what the Government claimed "appear to be 'screenshots,'" without providing any proponent of evidence to show that the screen captures offered are authentic i.e. were pictures of how a specific identified webpage appeared on the day, so claimed. For instance, Count I is constituted of only one image titled "screenshot-2017-11-16-14-50-11 jpg". SA Carlson uses the title as only evidence to doctor a receipt charge and alleges that on 11/16/2017 at 14:50:11 " Mr. Remarque received a picture that appeared to be CP. The admissibility as evidence at trial of such material is problematic because:

- there are several nightmares associated with the practical aspects of capturing "online" evidence, i.e., printing file can leave off crucial information that was displayed on the original webpage;

- electronically stored evidence and information is easily susceptible to abuse and manipulation, it requires just one right-click to alter or change the title given to a specific file saved on a computer or any electronic devices. Thus, it required greater scrutiny of the foundational requirements than a physical evidence to bolster reliability.

- the titles given to the screenshots could probably indicate the date when the image was screen captured, but not necessarily the date it was received.

- the screen captures were not made in usable format so that, it could be admissible evidence under Rule 901 of the Federal Rules of Evidence.

- more troubling, is the fact the Government has overwhelming evidence that Mrs. Wanna Crevecoeur, the Defendant's then-estranged wife was the individual in Mr. Remarque's residence who had the habit of surreptitiously taking screen captured images from "cellular phone" and transferred them to other electronic devices, based on her sworn testimony given to Police which make her a potential co-defendant and conspirator see (ECF 51 at p.4)

More importantly, is the fact that the Government in its superseding indictment, against the Defendant, failed to allege the interstate movement required by statute. While in many, if not most, situations the use of internet will involve the movement of communications or materials between states, this fact does not suspend the need for evidence of interstate movement to prove an offense under 18 U.S.C. 2252A(a)(2), 2252A(a)(5)(B). Therefore, without tangible proof of the interstate nexus of the **five images** that constitute the basis of the superseding indictment, there

is no Federal offense and this Court has no jurisdiction on this matter. Accordingly, the Government's failure to include this essential statutorily element in the superseding indictment i.e., the interstate movement of the alleged pictures makes it facially and statutorily defective.

THEREFORE, for the foregoing reasons, Defendant, Jean Remarque, moves this Honorable Court to dismiss the Second Superseding Indictment with prejudice for prosecutorial vindictiveness.

                                                Respectfully submitted
                                                Donald LaRoche, Esquire for Defendant

                                                _____/s/_____

Dated: October 1, 2020
                                                Law Office of Donald LaRoche, PLLC
                                                3360 Post Office Road #1801
                                                Woodbridge, VA 22195
                                                (774) 204-1016
                                                dlaroche@dlesq.net

**CERTIFICATE OF SERVICE**

I, Donald LaRoche, Esq., hereby certify that on this 1st day of October 2020, the foregoing document, filed through the ECF System was served electronically on the registered participants as identified on the notice of electronic filing and in accordance with the Local Rule.

_____/s/_____
Donald LaRoche
Attorney for the Defendant.