**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br><strong>STEPHANIE A. GALLAGHER</strong><br>UNITED STATES DISTRICT JUDGE</td><td align="right"><strong>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201</strong><br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

November 3, 2020

LETTER ORDER

      RE:    <u>USA v. Jean Buteau Remarque</u>; Criminal Case No. SAG-19-0039

Dear Counsel:

      I have reviewed Mr. Remarque's Motion to Dismiss the Indictment for Unnecessary Delay in Bringing the Defendant to Trial, ECF 139, the Government's Opposition, ECF 149, and Mr. Remarque's reply, ECF 161. No hearing is necessary. For the reasons stated below, the motion will be DENIED.

**Procedural Background**

      A detailed review of this case's procedural history is crucial to the Court's analysis. Mr. Remarque's initial appearance in federal court, on a one-count indictment charging possession of child pornography, occurred on January 30, 2019. ECF 6. The federal public defender's office entered its appearance on Mr. Remarque's behalf, ECF 14, and filed two suppression motions thirteen days later, on February 12, 2019. ECF 16, 17. According to Mr. Remarque's own timeline, "Before the Court held a hearing to dispose of the motions to suppress and pretrial conference scheduled for March 5, 2019, the Assistant Public Defender brought a plea agreement to Defendant."[1] ECF 135 at 3. The docket reflects that the former presiding judge, United States District Judge Paula Xinis, held a hearing that had been noticed as a rearraignment on March 20, 2019. ECF 19. Mr. Remarque withdrew from the plea agreement, *id.*, and Judge Xinis referred the case to a magistrate judge for an attorney inquiry hearing. ECF 20. Following that hearing, an attorney from this Court's Criminal Justice Act ("CJA") panel, Michael D. Montemarano, Esq., entered his appearance on March 25, 2019. ECF 22. However, just a few weeks later on April 8, 2019, private retained counsel, Seth Russell Okin, Esq., replaced Mr. Montemarano as counsel for Mr. Remarque. ECF 27. Mr. Okin quickly filed a motion for discovery, ECF 28, which Judge Xinis denied, ECF 30.

      The docket reflects that Judge Xinis held status conference calls with counsel on April 15, 2019, and May 30, 2019. However, on June 14, 2019, Mr. Remarque docketed a letter in which he represented that he had "not heard from Attorney Seth Okin Esq. since April 8, 2019," the date he had entered his appearance. ECF 33. Mr. Okin subsequently filed a motion to withdraw as counsel. ECF 36. Judge Xinis re-referred the case to a magistrate judge for another attorney

---

[1] Mr. Remarque's understanding of the case's posture appears flawed, as Judge Xinis had scheduled an initial conference call for March 5, 2019, not a motions hearing or a pretrial conference. ECF 18.

inquiry hearing, which occurred on July 19, 2019, and resulted in the termination of Mr. Okin's appearance. ECF 41. Mr. Montemarano again became counsel of record, and requested sixty days to provide a status report to the Court. ECF 42. Judge Xinis held a telephone conference on September 25, 2019, and subsequently entered the case's initial pretrial scheduling order. ECF 46. The scheduling order set, *inter alia*, a December 2, 2019 deadline for Mr. Remarque to file or supplement pretrial motions, a motions hearing date of January 3, 2020, and a trial date of March 25, 2020. ECF 46.

During this entire period, while Mr. Remarque was repeatedly replacing his counsel, the motions filed on Mr. Remarque's behalf by the assistant federal public defender remained pending. On or before the December 2, 2019 deadline, Mr. Montemarano filed six additional pre-trial motions. ECF 56, 57, 59, 60, 61, 64. A motions hearing occurred on February 4, 2020, at which Judge Xinis denied Mr. Remarque's pre-trial motions. ECF 74, 75.

On March 5, 2020, Mr. Montemarano sought a brief extension of time to file motions in limine for the expected trial on March 25, 2020. ECF 80. He timely filed a motion in limine on March 6, 2020. ECF 82. However, on March 9, 2020, the Clerk docketed a letter from Mr. Remarque, which was dated March 4, 2020, asking that Mr. Montemarano be removed as his counsel. ECF 83. On March 10, 2020, Judge Xinis again referred the case to a magistrate judge for a third attorney inquiry hearing. ECF 84. Before that hearing, however, on March 11, 2020, Chief Judge James K. Bredar issued the first of a long series of orders restricting access to Court facilities in light of the COVID-19 pandemic. *See* Standing Order No. 2020-02. Two days later, Mr. Montemarano filed a joint request to vacate the schedule in this case "since the Court will be closed over most of these dates as now set and all jury trials have been cancelled." ECF 85.

On March 30, 2020, Mr. Montemarano filed a motion seeking Mr. Remarque's release from custody for health and safety reasons, citing the pandemic. ECF 86. After briefing, United States Magistrate Judge Timothy J. Sullivan denied the motion. ECF 90. Mr. Montemarano sought review by the presiding judge, Judge Xinis, who denied the motion for release on April 27, 2020, following additional briefing. ECF 92, 100.

On May 17, 2020, the Government filed its first motion to exclude time pursuant to the Speedy Trial Act. ECF 101. Judge Xinis held a teleconference on June 11, 2020, but just two days later, another privately retained attorney, Donald LaRoche, Esq., entered his appearance for Mr. Remarque. ECF 102. Judge Xinis granted the Government's motion to exclude time on June 19, 2020, in a lengthy order detailing the procedural history of this case and the Court's operational status in light of the public health concerns engendered by the pandemic. ECF 103.

On July 18, 2020, Mr. LaRoche filed a motion to withdraw the motion in limine that had been filed by Mr. Montemarano. ECF 104. On July 26, 2020, the Government filed a second motion to exclude time pursuant to the Speedy Trial Act, which Judge Xinis granted in another detailed order on July 27, 2020. ECF 105, 106. In August, 2020, the Court began scheduling a very limited number of jury trials in priority cases, because it had then implemented sufficient public safety measures including, but not limited to, physical rearranging of courtroom facilities,

installation of plexiglass barriers, and consultation with epidemiologists and engineers regarding air circulation. As a result, Judge Xinis entered a new scheduling order, which set a pre-trial conference for September 15, 2020 and a trial date for September 21, 2020. ECF 109. The order noted that the expected length of trial would be one week. *Id.* On August 17, 2020, the case was reassigned from Judge Xinis to my docket.

Upon review of the record, and consultation with the judges who had presided over the first jury trials held during the pandemic, this Court ordered counsel to provide an estimated number of the witnesses to be called at trial, and the approximate length of their testimony. ECF 120. Those estimates reflected that the Government's case would last approximately 1.5 days, but that the defense anticipated calling up to ten witnesses, and thought that with a Haitian Creole speaking interpreter, the testimony of those witnesses would be estimated to last 3 days. ECF 122, 123. By this time, the Court had learned that jury selection for a criminal case, using the new procedures designed to protect public health and safety, consumed one full trial day. Accordingly, the Court became concerned that the trial would not be able to be completed during a single trial week, which would not allow for a full day of jury selection plus four-and-one-half days of testimony (not including opening statements, closing argument, or jury instructions).

The trial calendar in the Greenbelt courthouse, where Mr. Remarque's trial had been scheduled, would not permit this trial to extend past its one-week allotted window. However, on September 4, 2020, this Court notified counsel that if the trial were held in the Baltimore Courthouse (located roughly twenty-five miles from the Greenbelt Courthouse), the trial could start as scheduled and could extend into the following week to accommodate all of the anticipated witnesses. ECF 124.

On September 8, 2020, Mr. LaRoche indicated that Mr. Remarque objected to reducing the number of trial days, and also objected to relocating the trial to Baltimore. ECF 125. Accordingly, on September 8, 2020, this Court removed the September trial date from the Court's trial calendar, and directed counsel to meet and confer to provide the Court with additional trial dates. ECF 126.

After several attempts to obtain a list of dates agreed by both counsel, on October 2, 2020, this Court calendared the trial for its present trial date, November 16, 2020. ECF 138. Absent an uptick in viral activity causing the Court to reduce its operations to protect public health, the case will proceed to trial as scheduled.

### Legal Analysis

Mr. Remarque argues that the Government failed to comply with constitutional and statutory requirements that he be afforded a speedy trial. ECF 139. This Court looks first to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), which generally requires that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." The Speedy Trial Act provides that its seventy-day "clock" is tolled in certain circumstances, including

*USA v. Jean Buteau Remarque*
Criminal Case No. SAG-19-0039
November 3, 2020
**4 |** P a g e

when the defendant files a pre-trial motion, 18 U.S.C. § 3161(h)(1)(D), or when the ends of justice so require, 18 U.S.C. § 3161(h)(7)(A).

Mr. Remarque's initial appearance in court occurred on January 30, 2019. His attorney filed pre-trial motions thirteen days later, and those motions remained pending between February 12, 2019 and February 4, 2020. Mr. Remarque's counsel filed additional motions on March 5, 2020, and March 6, 2020, and the later of those motions remained pending until October 13, 2020. By that time additional defense motions had been filed, one of which remained pending until October 30, 2020. Thus, as of this writing, in this Court's view the only time credited against the seventy-day speedy trial clock is (1) the initial thirteen days before the initial motions were filed, plus (2) the thirty days between February 4, 2020 and March 5, 2020, for a maximum total of forty-three days.[2] No Speedy Trial Act violation has occurred.

Though his statutory speedy trial claim is unavailing, Mr. Remarque also contends that the Government violated his constitutional right to a speedy trial. ECF 139. Such claims are governed by the four-factor test the Supreme Court elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972). Specifically, the Court is to weigh: (1) the length of the delay; (2) the reason for the delay; (3) whether defendant timely asserted his right; and (4) whether the delay prejudiced the defendant's case. *Id.* at 530. The inquiry requires a "difficult and sensitive balancing process." *Id.* at 533.

The court will assume that the first factor, the 20-month length of this delay, weighs in favor of Mr. Remarque, and thus that the Court should inquire "into to the other factors that go into the balance." *Id.* at 530. However, the second factor, the reason for the delay, weighs overwhelmingly in favor of the Government. Despite Mr. Remarque's attempt to portray the delay as resulting from the Government's delinquent response to his motions to suppress, ECF 139 at 8, the docket conclusively tells a much different story. The delay from the filing of the motions to suppress in February, 2019, through the setting of the case schedule in September, 2019, was directly attributable to the initial but ultimately unsuccessful plea negotiations, Mr. Remarque's repeated replacement of his counsel, and the attendant delays with each replacement. *See, e.g.*, ECF 42 (July 22, 2019 letter from Mr. Montemarano requesting a sixty-day continuance upon his re-entry of appearance). In September, 2019, Judge Xinis set a reasonable trial schedule that the parties adhered to, until the pandemic necessitated an indefinite postponement. ECF 109. Even Mr. Remarque concedes that "a pandemic such as COVID-19 is a neutral reason for trial delay," ECF 139 at 11, but suggests that the Government should still be held at fault, because his trial would have occurred pre-pandemic absent the initial periods of delay. As described above, that logic is belied by the record, which unequivocally rests blame for the initial delays on Mr. Remarque's recurring dissatisfaction with, and replacement of, his attorneys.[3] No one contests

---

[2] In addition to the time being excludable under § 3161(h)(1)(D) because of the pending defense motions, Judge Xinis also made two separate findings that the ends of justice required exclusion of the time between March 16, 2020 and September 28, 2020. ECF 103, 106.

[3] Mr. Remarque correctly notes that the Government also changed counsel on several occasions. ECF 161 at 7. The docket does not reflect any delays resulting from the replacement of AUSAs.

*USA v. Jean Buteau Remarque*
Criminal Case No. SAG-19-0039
November 3, 2020
**5 |** P a g e

Mr. Remarque's right to counsel of choice, but he is not entitled to attribute the delays resulting from his decisions to the Government.

The third factor is the defendant's assertion of his speedy trial rights. Certainly, the record indicates that Mr. Remarque has asserted his speedy trial rights throughout the pendency of this litigation. While those assertions would typically weigh in Mr. Remarque's favor, they are undermined, as noted above, by his repeated replacement of his attorneys, including his attempt to remove his attorney just two weeks before his scheduled March, 2020 trial (at which point he had already been detained for over one year). *See, e.g.*, ECF 83. The record clearly reflects that Mr. Remarque prioritized his satisfaction with counsel over his proffered desire to proceed expeditiously to trial. His priorities other than a speedy trial also became clear when he declined to proceed to trial on September 21, 2020 in the Baltimore Courthouse, in favor of an indefinitely delayed trial in the Greenbelt Courthouse. Thus, this factor is neutral.

The final factor is the prejudice caused by the delay. The primary prejudice cited by Mr. Remarque arises from the pandemic: witnesses that are unavailable because of pandemic-related travel restrictions and/or the expiration of their visas, and public health restrictions preventing his attorney from visiting him in jail.[4] ECF 139 at 11-13. Again, the delay that eventually resulted in his trial being impacted by the pandemic was caused by Mr. Remarque's own choices. He replaced his federal public defender with a privately retained attorney who, Mr. Remarque alleges, failed to provide adequate representation, resulting in the need to again replace that second attorney with counsel from the Criminal Justice Act panel. Without those actions, months of delay could have been avoided, and Mr. Remarque's trial may have concluded in 2019. Similarly, most of the oppressive conditions of pretrial incarceration cited by Mr. Remarque stem from the pandemic and the related public health measures that had to be instituted within correctional institutions.

Ultimately, a balancing of the relevant factors reveals that the blame for the early delay rests with the defense, not with the Government. The latter portion of the delay results from the global pandemic that could not have been foreseen by any party, and the severe public health concerns preventing jury trials from proceeding safely for many months. Under these highly unusual circumstances, despite the delay in this case, the Government has not infringed Mr. Remarque's constitutional right to a speedy trial.

---

[4] Mr. Remarque also suggests that witnesses now have "dimmed memories," but has proffered or established no evidence of such failures of recollection. ECF 161 at 1.

*USA v. Jean Buteau Remarque*
Criminal Case No. SAG-19-0039
November 3, 2020
**6** | P a g e

For the foregoing reasons, Mr. Remarque's motion to dismiss for unnecessary delay in bringing the defendant to trial, ECF 139, is DENIED.  Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge