**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SAG -19-0039** |
| | ) | |
| | ) | |
| | ) | |
| **JEAN  REMARQUE** | ) | |
| | ) | |
| **Defendant** | ) | |

### MOTION TO DISMISS THE INDICTMENT FOR BAD FAITH PROSECUTION AND ABUSE OF THE GRAND JURY PROCESS

Comes now the Defendant herein, Jean Remarque, through counsel, Donald LaRoche, Esq., pursuant to the Court's constitutional and inherent supervisory powers, and in does move to dismiss the indictment for abuse of the Grand jury process, questionable motives and zealotry exhibited by prosecutors and the investigating officer, in support thereof does state as follows: This motion includes but not limited to the issues of abuse of the Grand jury process, vexatious, frivolous , and bad faith prosecution of Mr. Remarque. This has impaired the integrity of the Grand Jury process and resulted in actual prejudice to Mr. Remarque.

A.  LEGAL FRAMEWORK

The Fifth Amendment guarantees that "no person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a Grand Jury." The Supreme Court has emphasized repeatedly that this "constitutional guarantee presupposes an investigative body 'acting independently of either prosecuting attorney or judge." *United States v. Dionisio*, 410 U.S. 1, 16,

93 S. Ct. 764, 772, 35 L. Ed. 2d 67 (1972), quoting *Stirone v. United States*, 361 U.S. 212, 218, 80 S. Ct. 270, 273, 4 L. Ed. 2d 252 (1960).

The Grand jury can fulfill its historic function of safeguarding a defendant's Fifth Amendment rights only if it is "an independent and informed Grand jury." *Wood v. Georgia*, 370 U.S. 375, 390, 82 S. Ct. 1364, 1373, 8 L. Ed. 2d 569 (1962). Its responsibilities include "both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions." *United States v. Calandra*, 414 U.S. at 343, 94 S. Ct. at 617, (citing *Branzburg v. Hayes*, 408 U.S. 665, 686-87, 92 S. Ct. 2646 2659, 33 L. Ed. 2d 626 (1972). Cf. *United States v. Lawson*, 502 F. Supp. 158 (D. Md. 1980) (citing collecting cases about how different circuits apply standard for dismissal for Grand jury abuses).

The Fourth Circuit has defined the terms " vexatious, frivolous or in bad faith in accordance with their common meanings and held:

> By its plain language, vexatious means without reasonable or probable cause or excuse. A frivolous action is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant. And, bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.

In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000) (internal cites and quotation marks omitted) (citing United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)); See also United States v. Gladstone, 141 F. Supp. 2d 438, 445-46 (S.D.N.Y. 2001) (quoting In re 1997 Grand Jury, 215 F.3d at 436). The prosecution's bad faith prosecution of Mr. Remarque was evident from the start.

The Supreme Court set the standard for dismissal of indictments in *Bank of Nova Scotia v. U.S.A*, 487 U.S. 250 (1988). Further, as Mr. *Justice Sutherland* noted in *Berger v. U.S.A*, 295 U.S. 78, 55 S. Ct. 629, 79 L. Ed. 1314 (1935), a federal prosecutor has special responsibilities:

> "The U.S. Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffers. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is using every legitimate means to bring about a just one." Id at 633.

The facts of Mr. Remarque's case demonstrate unequivocally that the prosecutors Kristi Noel O'Malley, and her Assistant Jared Hernandez did not maintain this necessarily high standard of conduct.

B.  FACTUAL APPLICATION

The Government bad faith prosecution of Mr. Remarque was evident from the start.

First, rather than contact Mr. Remarque or the Silverman, Thompson, Slutkin & White Law Firm, he had retained in August 2018, for pre-indictment services and offer the man - who is a legal permanent U.S. resident, with no criminal record, with a long prestigious employment history, with a permanent and known address, and with a strong ties to the community[1] - the opportunity to either turn himself or respond to the charges, federal agents came to his residence at Silver Spring, Maryland on January 30, 2019, and walked him out of his residence in handcuffs.

---

[1] Mr. Remarque prior becoming a LPR had been traveling in the U.S. for over 14 years and was a full-time student of Prince George's College and was a ridesharing contractor.

Subsequently, Mr. Remarque has been denying bail for over two years, although her fiancée has offered her house as collateral to obtain Mr. Remarque's pretrial release.

Second, the Indictment against Mr. Remarque is legally insufficient because it included a dearth of information about the essential facts that went to the core of criminality of the crimes charged. In short, the Indictment merely parrots the language of the statute, while omitting all supporting factual allegations. The indictment contains no information about the material containing the images, the mean of committing the alleged offense, and the specific jurisdictional prong of 18. U.S.C 2252 the Government intends to prove at trial, it is impossible for Mr. Remarque to understand the charge against him, let alone prepare his defense against this prosecution.

Moreover, the details of the Indictment are unnecessarily, inflammatory and used to provoke, rather than accuse. Mr. Remarque is charged with two-count of "receipt" of "child pornography" and one-count of possession of "child pornography." To support these charges, the Government presents no legal and competent evidence before the Grand Jury connecting Mr. Remarque with the case. The prosecution improperly used a single medium to support the three-count Indictment. Therefore, the goal of the Superseding Indictment is simply to "embarrass or annoy" Mr. Remarque, rather than establish the essential elements of the crimes alleged. As such a purpose renders the Indictment "frivolous." See *United States v. Lynn,* 636 F.3d 1127 (9th Cir. 2011) (a single medium cannot support both a receipt and possession of child pornography charges).

Third, the Government has presented falsehood to the Court and has made the unsubstantiated and frivolous accusations that Mr. Remarque engaged in questionable conduct, via the WhatsApp application with a minor female in Haiti. ECF # 69, Ex. 1 at p. 8-18. ......

However, this WhatsApp conversation is a falsehood manufactured by Ms. Wanna Crevecoeur, Mr. Remarque's estranged and vindictive ex-wife and turned over to SA Carlson. Because the investigation of Mr. Remarque was biased, no effort was made to corroborate a translated "word document" turned over by Ms. Crevecoeur claiming to be electronic communication obtained unlawfully from Mr. Remarque's cellphone and WhatsApp account. See JBR_0246. Even assuming arguendo that the WhatsApp conversations was true and proven, nothing about it is intrinsically illegal and the United States has no jurisdiction over such an electronic communication Thus, the Government fails to a make a prima facie case that the "WhatsApp account" ever existed or belonged to Mr. Remarque. None of this relevant to the charges laid in the Indictment. The goal of these inflammatory accusations was an attempt to assassinate Mr. Remarque's character and good reputation.

Fourth, even after initial discovery, Mr. Remarque continues to lack any information with which to investigate or defend himself against these accusations. Shortly after issuing the Indictment in January 2019, the Government provided prior defense counsel, with its evidence. The initial batch included Department of Homeland Security records, search warrant photos, recording of the custodial interrogation of Mr. Remarque and tainted materials turned over by Ms. Crevecoeur, three months later, after using them in a criminal scheme against Mr. Remarque including Blackmail. As there were so little documentation in support of the Government's case and no competent evidence connecting Mr. Remarque to any criminal activity. Mr. Remarque's court appointed counsel reviewed all of the evidence against Mr. Remarque and informed the Court that "the Government has violated the obligations as set out per statute, rules and its own discovery agreement, and fails to set forth a sufficient basis upon which to frame objections and motions, except in the most general format." See ECF # 61. Yet like the Indictment, the discovery

material provided by the Government is completely devoid if any information connecting directly Mr. Remarque with the alleged crimes. Mr. Remarque, two years later, continues to lack any information with which to investigate or defend himself against these accusations.

As a result, the undersigned counsel made specific requests to the prosecution for additional evidence. Those requests either have been ignored or the Government provided almost nothing. The dearth of evidence, as well the Government's resistance to provide either inculpatory or exculpatory evidence to Mr. Remarque, suggests a vexatious, frivolous action - rather than simple mistake, particularly when coupled with the Government's abuse of the Grand jury process to obtain two baseless and unwarranted receipt of child pornography charges against Mr. Remarque though two defective Superseding Indictments.

C. ABUSE OF THE GRAND JURY PROCESS

Particularly egregious is the misleading and troubling testimony and subsequent instructions before the indicting Grand jury held on October 9, 2019 and December 18, 2019. (See testimony transcript of the HSI Christine Carlson at the Grand jury proceeding JRB_0453 id. at 6 pp. 12-19. By intentionally and repeatedly presenting misleading testimony of the Government "expert" about "conventional naming of screenshot" rather than presenting independent and competent evidence of distinct acts to support the elements of the offense of receiving CP in violation of 18 U.S.C. 2252A(a)(2); the prosecutor denied Mr. Remarque's constitutional right to an unbiased Grand jury and such prosecutorial conduct is so improper and prejudicial that it created a biased Grand jury that initiated an unfounded and unwarranted prosecution against Mr. Remarque for receipt of child pornography. Prejudice of this order cannot be eliminated at trial, and the defense is convinced that this honorable Court will not speculate that the grand jurors' decision might have been unaffected by the prosecutor's conduct. Cf. *Lawson*, 502 F. Supp. Id. at 172. The Grand jury's decision to

indict was uniquely influenced by S.A. Carlson misleading testimony which was inappropriately before it. The prosecution has presented no independent evidence connecting Mr. Remarque with any allege criminal conduct.

Indeed, the prosecutor instead of disclosing to the defense clear and convincing evidence which was presented to the Grand jury showing of distinct acts of receipt of child pornography by someone at the Defendant's marital home, or a separate medium to support the superseding indictment with multiple receipt and possession charges, the prosecutor rely only on the transcript of testimony of the investigating officer, without proper qualification, acting as an improvised "expert" in the field of Computer Data Forensic Analysis, before the Grand jury. The Government "expert" testified before the Grand jury that: "The majority of the cellphone when you take a screenshot of the images depicted on the screen of your cellphone, the cellphone gives that screenshot a name and it's saved to your gallery. As a result, SA Carlson assumed and speculated that the conventional naming attributed to each screen captures found in a single medium storage found at the Defendant's marital home on July 17, 2018, standing alone, could support a receipt of child pornography offense in violation of 18 U.S.C. 2252A(a)(2), each time the six distinct numbers in the filename have changed. In other words, based on this unprecedented "receipt theory," now in the District of Maryland, a prosecutor can use images found in a single medium to arbitrarily multiply the offenses by charging the Defendant for both receipt and possession if (1) there is one or more visual depictions that appear to be screenshot among the images found in the single medium, and (2) the Defendant refused to plead guilty to the original possession charge. Accordingly, in the District of Maryland, an "expert" could hold a Defendant criminally liable for violation of 18 U.S.C 2252A(a)(2) for each time the "filename" of a screenshot, stored in a single device, changed. "Such receipt theory and the subsequent Grand jury instructions is unprecedented

and borders on the ridiculous." It also impaired the integrity of the Grand Jury process and perhaps resulted in actual prejudice to Mr. Remarque

Take hypothetically, a single External Hard Drive seized from a defendant's residence and containing 300 images that appear to be "child pornography." If, 100 of the 300 images were screenshot with distinct filenames. Likely, the defendant will be charged initially with one-count possession of a material containing "an" image of child pornography. If the defendant elects for a jury trial the prosecutor would be permitted to procure a superseding indictment charging the defendant with the initial one-count possession and additional 100-count receipt of child pornography. All counts would be supported by a single medium that contained the images. The only evidence the prosecutor might presented to the Grand jury to support the superseding receipt charge is a testimony about "conventional naming of screenshot" to subject a first time offender to a potential sentence of 500-to-5000 years in prison. Such an extreme interpretation of Congressional intent undermines the reliability and credibility of the Government's case against Mr. Remarque.

Such a testimony is misleading and the subsequent Grand jury instructions improper and incorrect because it forbade the grand jurors from considering competent and independent evidence of the essential elements of the offenses under 2252A(a)(2) and 2252A(a)(5)(B), and whether the evidence the prosecutor has presented can support the grand jurors to conclude that there is probable cause to believe that the person being investigated committed the offenses charged. Because historically, the Grand jury has been regarded as primary security to the innocent against hastily, malicious and oppressive prosecution; it serves the invaluable function in our society of standing between accuser and the accused *** to determine whether a charge is founded

8

upon reason or was dictated by intimidating power or malice and personal ill will. *Wood v. Georgia*, 370 U.S. 375, 390, 82 S. Ct. 1364, 8 L. Ed. 2d. 509 (1962).

Here, it is clearly evidenced that the Grand jury was purposefully misled about what was necessary to establish an offense under both 18 U.S.C 2252A(a)(2) and 2252A(a)(5)(B), and return a defective superseding indictment. Therefore, the Defendant urges the Court to consider the other improprieties compounded with this case, such as the post-indictment delay, insufficiency of the superseding indictment, prejudice caused by Mr. Remarque's oppressive detention for two years without bail and arbitrary multiplication of offenses, as militating against dismissal without prejudice. The cumulative effect of the improprieties operates to outweigh any societal interest in prosecuting defendants in favor of the interest of the defendants and the public in the fair administration of justice.

D.  ACTUAL PREJUDICE

Here, the manner in which the prosecution obtained its two superseding indictments charging Mr. Remarque with receipt of child pornography represents a serious threat to the integrity of the judicial process, thereby justifying the exercise of the court's supervisory powers. The prosecution used "filenames" obtained from screenshots to mislead the grand jurors, rather than presenting independent and competent evidence of distinct acts constituting the elements of 18 U.S.C. Sec. 2252A(a)(2). These instructions given to the Grand jury were so improper that it created a biased Grand jury. Thus, the case against Mr. Remarque is so weak and based only on unsubstantiated claims that the prosecutor had to mislead the Grand jury to obtain two superseding indictment containing baseless and unwarranted receipt charges, and conceal it under a facially defective and insufficient indictment. Those additional charges impose an additional stigma and

cause additional damage to the Defendant's reputation. Also, the prosecution creates a false rebuttal presumption in favor of pretrial detention to arbitrarily maintain the Defendant's oppressive incarceration for almost two years with all the collateral consequences that this court is aware of, for example Tuberculosis, Coronavirus, Liver damage undue anxiety, stress and family separation etc. All to satisfy the vindictive desire of an estranged ex-wife who wants to remove her husband from the U.S. based on false accusations, manufactured and tainted evidence.

The Defendant is put in jeopardy with respect to each charge against him. The arbitrary of multiplication of baseless and unwarranted charges serves only to give an appearance of strength of the prosecution's hand. It advances no valid State interest that could not just easily be achieved without bringing multiple "doctored" charges against the Defendant.

Wherefore, the Defendant respectfully requests the Court to dismiss the superseding indictment with prejudice for abuse of Grand jury process to deter future prosecutorial and preserving the integrity of the judicial process.

Respectfully submitted
Donald LaRoche, Esquire for Defendant

_____/s/_____

Law Office of Donald LaRoche, PLLC
3360 Post Office Road #1801
Woodbridge, VA 22195
(774) 204-1016
dlaroche@dlesq.net

Dated: January 5, 2021

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Donald LaRoche, Esq., hereby certify that on this 5th day of January 2021, the foregoing

document, filed through the ECF System was served electronically on the registered participants

as identified on the notice of electronic filing and in accordance with the Local Rule.


_____/s/_____
                    Donald LaRoche
                Attorney for the Defendant