IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-19-0039 |
| | * | |
| JEAN BUTEAU REMARQUE | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## GOVERNMENT'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS AT ECF 174, 175, AND 176

The United States of America, by and through undersigned counsel, respectfully responds to the following motions filed by Defendant Jean Buteau Remarque (collectively referred to herein as "Defendant's Motions"):

1. Motion to Quash Defective Indictment for Lack of Sufficiency and Specificity (ECF 174);

2. Motion to Dismiss the Indictment for Arbitrary Multiplication of Offenses (ECF 175); and

3. Motion to Dismiss the Indictment for Bad Faith Prosecution and Abuse of the Grand Jury Process (ECF 176).

For all the reasons set forth in this opposition, the Government respectfully requests that this Court deny Defendant's Motions.

## BACKGROUND

On January 28, 2019, a federal grand jury returned an indictment against the Defendant, charging him with possession of child pornography, pursuant to 18 U.S.C. § 2252A(a)(5)(B). ECF 1. On January 30, 2019, the Defendant first appeared in the United States District Court for the

District of Maryland on the indictment. ECF 6. On February 12, 2019, the Defendant's first appointed counsel filed a motion to suppress statements and a motion to suppress evidence seized pursuant to a search warrant. ECF 16-17. Between February 12, 2019 and September 25, 2019, plea negotiations, conference calls with the Court, discovery, and attorney inquiries were conducted. On September 25, 2019, a pretrial Scheduling Order was issued by the Court. ECF 46.

On October 9, 2019, the grand jury returned a superseding indictment charging the Defendant with two counts of receipt of child pornography, pursuant to 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, pursuant to 18 U.S.C. § 2252A(a)(5)(B). ECF 47. Counts one and two of the superseding indictment charged the unlawful receipt of two separate images of child pornography on the same date, November 22, 2017. *Id*. On October 30, 2019, the Defendant was arraigned on the superseding indictment. ECF 53. On November 20, 2019, the Defendant's counsel filed additional motions to suppress and other pretrial motions (the motions filed on February 12, 2019 remained pending at that time). ECF 56-61.

On December 18, 2019, the grand jury returned a second superseding indictment, which still charged the Defendant with two counts of receipt of child pornography and one count of possession of child pornography. ECF 65. However, counts one and two of the second superseding indictment now charge the unlawful receipt of two separate child pornography images on two separate dates. *Id*. Specifically, count one alleges that the Defendant knowingly received an image of child pornography on or about November 16, 2017, while count two alleges that the Defendant knowingly received an image of child pornography on or about November 22, 2017. *Id*. Count three of the second superseding indictment alleges that the Defendant knowingly possessed child pornography, some seven months after his illegal receipt, on or about July 17, 2018. *Id*.

On February 4, 2020, this Court denied the pending pretrial suppression motions, after a full evidentiary hearing. ECF 74-75. On January 7, 2021, the Defendant filed the above-referenced motions, to which the government now responds in opposition. ECF 135.

**ARGUMENT**

All of the Defendant's Motions are meritless or premature and therefore the Court should deny them.

### 1. The Defendant's Motion to Quash Defective Indictment for Lack of Sufficiency and Specificity Should be Denied.

The Defendant moves this Court to dismiss the indictment, arguing that the indictment does not sufficiently provide the Defendant with notice of the "core of criminality" to be proven at trial and is impermissibly ambiguous. However, the indictment adequately sets forth the essential facts of the offenses fully and directly.

The indictment must contain a "plain, concise, and definite" statement of the essential facts constituting the crime charged. FED. R. CRIM. P. 7(c)(1); see also U.S. CONST. amend. VI (right to be informed of "nature and cause" of accusation). In other words, the indictment must state every element of the crimes. *Cochran v. United States*, 157 U.S. 286, 290 (1895); *United States v. Gatewood,* 173 F.3d 983, 987 (6th Cir. 1999); *United States v. CabreraTeran*, 168 F.3d 141, 144 (5th Cir. 1999). The indictment need only satisfy a defendant's constitutional right to know what he or she is charged with and not the evidentiary details which will be used to establish his commission of the offense. See, e.g., *United States v. Hinton*, 222 F.3d 664, 673 (9th Cir. 2000)(indictment sufficient despite incorrectly stated point of origin of offense because offense was continuous and defendant knew the charges against which he had to defend); *United States v. Agostine*, 132 F.3d 1183, 1190-91 (7th Cir. 1997)(bribery indictment sufficient even though only the defendant's conduct and not intent was alleged); *United States v. Chappell*, 6 F.3d 1095, 1099-

100 (5th Cir. 1993)(indictment met requirements of alerting defendants to charges and was sufficient despite possibility of being more carefully drafted). Charging language is sufficient if a commonsense reading enables the defendant to prepare a defense and assert the protection of the Double Jeopardy Clause. *United States v. Alber*, 56 F.3d 1106, 1111-12 (9th Cir. 1995); *see also United States v. Wicks*, 187 F.3d 426 (4th Cir. 1999); *United States v. Santos-Rivera*, 183 F.3d 367, 369 (5th Cir. 1999). *U.S. v. Hodge*, 211 F. 3d 74. 76-77 (3d Cir. 2000); *U.S. v. Du Do*, 186 F.3d 1177, 1179 (9th Cir. 1999).

An indictment is sufficient if it alleges an offense in the words of the statute when those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citation omitted); *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999); *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). *See also United States v. Simmons*, 96 U.S. 360, 362 (1877) ("where the offence is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter"). Where the definition of a word is not of fact, but is of law, it is not generic or descriptive because it does not change with each indictment. *Hamling,* 418 US. at 118 (indictment was sufficient to adequately inform defendants of the charges against them because the word "obscene" is sufficiently definite in legal meaning). *See also Wicks*, 187 F3d at 428 (legal definition of "organization" includes the interstate commerce requirement and therefore, the element of interstate commerce was charged by the use of the term "organization").

Here, the Defendant is charged with an indictment that fully, directly, and expressly sets forth all the elements necessary to constitute the offenses. ECF 65. Contrary to the Defendant's

4

assertions, the language of the statute criminalizing Receipt of Child Pornography and Possession of Child Pornography does not contain ambiguous or uncertain language requiring further explanation to inform the Defendant of the charges against him. The Defendant argues that the use of the word "any" in reference to material that contained an image of child pornography is impermissibly vague, that the indictment must allege the specific material that contained the images of child pornography, and that the indictment must allege the specific means with which the Defendant affected interstate commerce. These arguments are without merit.

The "[vagueness] doctrine incorporates notions of fair notice or warning . . . . [I]t requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement." *Smith v. Goguen*, 415 U.S. 566, 572-73 (1974) (footnotes, citations, and quotation marks omitted). "[A] statute is vague as applied if it either fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly, or fails to provide explicit standards for those who apply them." *United States v. Sandsness*, 988 F.2d 970, 971-72 (9th Cir. 1993) (quotation marks and citation omitted). The language of Receipt of Child Pornography and Possession of Child Pornography is straightforward. A person of ordinary intelligence can understand that the statutes prohibit the receipt and possession of child pornography, which is defined by law in 18 U.S.C. § 2256(8). The incorporation of "any" in fact removed vagueness from the statutes in that it evinced Congress' intent to totally and completely ban the act of receiving and possessing images of child pornography. *See United States v. Petersen*, No. CR 13-30-M-DWM-12 (D. Mont. 2014) (the incorporation of "any" in "any person," "any visual depiction," "any act of sexually explicit conduct," and so on contained in the statute criminalizing the sexual exploitation of children pursuant to 18 U.S.C. § 2251(d) & (e) removed vagueness and arbitrariness from the statute by

5

totally and completely banning the act of conspiring to advertise child pornography). In an attempt to support his argument, the Defendant cites cases that do not directly discuss the issue and then misapplies the words of the Second Circuit in *United States v. Palouizzi*. 564 F.3d 142, 155 (2d Cir. 2009). In *United States v. Palouizzi*, the Second Circuit considered ambiguity of the term "any" in 2252(a)(2) as it related to the intended allowable unit of prosecution and found that a single transaction of one or more images would constitute one count or violation of the statute.[1] *Id*. The Second Circuit did not contemplate any potential ambiguity of the language as it related to notice or sufficiency in an indictment as the Defendant mistakenly asserts.

    The Defendant also argues that the indictment must allege the specific "material" containing the image of child pornography and specifically how the Defendant affected interstate commerce with his receipt and possession of it. The Defendant is evidently conflating the role of an indictment—that is to alert the Defendant of the charges against him—and the role of discovery (which has long been completed), which is to detail the evidence that the Government intends to use to prove the Defendant's guilt at trial. The Defendant cites *U.S. v Lynn*, 636 F.3d 1127 (9th Cir. 2011) for the proposition that the indictment must allege in what form the Defendant received and possessed the images. However, in *Lynn*, the defendant was charged with receiving images on one date and possessing same said images on another. *Id.* at 1127. This led to the 9th Circuit's discussion of when receipt and possession of child pornography can be premised on the same images. *Id*. Unlike in *Lynn,* the Defendant here is charged with receiving two separate images on two separate dates and then possessing additional, separate images on a third separate date. That distinction is critical as it relates to multiplicity and double jeopardy as further discussed below.

---

[1] The Receipt of Child Pornography counts in the instant case arise from two separate transactions.

The Defendant's arguments that the indictment is defective for lack of sufficiency and specificity are without merit. The indictment clearly and directly informs the Defendant of the nature of the charges and essential elements of the crimes. As such, the Defendant's motion should be denied.

### 2. The Defendant's Motion to Dismiss the Indictment for Arbitrary Multiplication of Offenses Should be Denied.

The Defendant moves this Court to dismiss the indictment for "arbitrary multiplication of offenses," arguing that the indictment charges multiple counts for one act. The motion reiterates the same arguments made before Judge Paula Xinis at the motions hearing and in the defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment filed September 2, 2020. ECF 121. Following both motions, Judge Xinis and this Court respectively found the Defendant's motions to be premature and denied the motions without prejudice should it become relevant after verdicts are rendered in this case. ECF 110, 148. Trial is still pending.

Additionally, the Defendant's argument mistakenly analogizes the facts of the instant case to that of *Ball v. United States*, 470 US 856 (1985). In *Ball*, the Supreme Court found that a felon convicted of possessing a firearm could not also be convicted for receipt of said firearm when possession was incidental to receipt of the same gun. The fatal flaw in the Defendant's reasoning is that, here, the indictment charges the Defendant with possession that was ***not*** incidental to receipt as he is charged with the possession of separate and distinct images from those he received.[2]

Multiplicity is 'the charging of a single offense in several counts.'" *United States v. Lawing*, 703 F.3d 229, 236 n.7 (4th Cir. 2012) (quoting *United States v. Burns*, 990 F.2d 1426, 1438 (4th

---

[2] This is further detailed in the Government's Response in Opposition to Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment, where the government responded to some of the same arguments. ECF 131.

Cir. 1993)). Charges cannot be multiplicitous where they are "based on two distinct offenses, occurring on two different dates, and proscribed by two different statutes." *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009), *cited favorably in United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015). In the Fourth Circuit, the receipt and possession of separate child pornography images and files are deemed to be distinct conduct and not multiplicitous. *United States v. Fall*, 955 F.3d 363, 373 (4th Cir. 2020); *United States v. Schnittker*, 807 F.3d. 77, 83 (4th Cir. 2015).

The Government has charged the Defendant with possessing child pornography on the date of the warrant execution and knowingly receiving child pornography on two earlier dates. The elements for each count are supported by separate and distinct evidence. As such, the Defendant's motion should be denied for the third time.

> 3. **The Defendant's Motion to Dismiss the Indictment for Bad Faith Prosecution and Abuse of the Grand Jury Process Should be Denied.**

Once again the Defense seeks dismissal of the second superseding indictment on the grounds of alleged prosecutorial misconduct.[3] Defendant's pending motion repeats some of the meritless claims previously rejected by this Court, makes several irrelevant disparagements, and attaches no evidence in support of its bald assertions. While the failure to produce evidence to support any of those bald assertions makes the motion facially deficient, the Government will nevertheless briefly present both the appropriate legal standard and argument for why the Defendant is not entitled to the relief he seeks.

The legal standard governing the availability of the relief sought by the defense begins with consideration of Federal Rule of Criminal Procedure 52(a), which provides that [a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In

---

[3] On October 22, 2020, this Court denied similar claims despite a lower applicable legal standard. ECF 152.

*Bank of Nova Scotia v. U.S.*, the Supreme Court held that "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." 487 U.S. 250, 254 (1988). When considering the standard of prejudice that courts should apply, the Court in *Bank of Nova Scotia* further held that dismissal of an indictment based on nonconstitutional error "is appropriate only 'if it is established that the violations substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that that decision was free from such substantial influence." *Id*. at 251, quoting *U.S. v. Mechanik*, 475 U.S. 66, 78, (1986)(O'Connor, J., concurring in judgment).

In light of the applicable legal standard, "challenges to the reliability of evidence presented to the grand jury are particularly disfavored." Fourth Circuit Criminal Handbook 2018 Edition, § 81 (Matthew Bender). In *U.S. v. McDonald*, the Fourth Circuit, relying on *Bank of Nova Scotia,* stated "We will not hear a challenge to the reliability or competence of the evidence presented to the grand jury, and the mere fact that evidence is unreliable is not sufficient to require a dismissal of the indictment. 61 F.3d 248, 252 (4th Cir.1995), citing *Bank of Nova Scotia*, 487 U.S. at 261.[4] Mr. Remarque's motion must fail because it relies on a challenge to the reliability or competence of the evidence presented to the grand jury. ECF 176.

In seeking the particularly disfavored remedy of dismissal, the defense asserts that "the prosecutor denied Mr. Remarque's constitutional right to an unbiased Grand (sic) jury that initiated an unfounded and unwarranted prosecution against Mr. Remarque for receipt of child pornography." ECF 176. The alleged "abuse" of the grand jury process is the testimony of Special Agent Christine Carlson before the grand jury on October 9, 2019 and December 18,

---

[4] In fact, the standard of prejudice with respect to alleged prosecutor error within the confines of the grand jury is so high that the government is not even required to disclose *substantial* exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36 (1992).

9

2019, each resulting in the grand jury issuing a superseding indictment charging the Defendant with multiple counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). As this is a challenge to "the reliability or competence of the evidence presented to the grand jury," binding Fourth Circuit precedent requires that this motion be denied. *See McDonald*, 61 F.3d at 252.

But even if the Defendant were operating with a more favorable standard for obtaining dismissal, this motion must still fail. This is because the motion has failed to prove "the mere fact" that there was *any* error in the grand jury proceedings. *Id*. The motion fails to produce any evidence that SA Carlson's testimony was anything other than consistent with the recording of the Defendant's confession and the child sexual abuse material found on Mr. Remarque's external hard drive. This production failure therefore also fails to produce the evidence that Mr. Remarque's confession, as testified to by SA Carlson, included the manner in which he received the child sexual abuse material, which was consistent with both the elements of the first two counts of the second superseding indictment and the digital forensic analysis of the materials seized from his residence. The Defendant's failure to produce evidence in support of his motion is perhaps a strategic decision to hide from the Court the reality that the evidence contradicts his arguments. Such facial deficiency alone requires denial of this motion.

Finally, the allegation of prosecutorial misconduct regarding the grand jury is wholly unsupported in Mr. Remarque's motion. ECF 176. Such bald allegations are therefore improper, and when evaluated against the record in this matter, they also are clearly incorrect. The Defendant's motion at ECF 176 is meritless.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny, without hearing, the Defendant's Motions at ECF 174, 175, and 176.

                                    Respectfully Submitted,

                                    Robert K. Hur
                                    United States Attorney

By:    ___/s/_____
            Danbee C. Kim
            Special Assistant United States Attorney

            Timothy F. Hagan, Jr.
            Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                    _____/s/_____
                                      Timothy F. Hagan, Jr.
                                      Assistant United States Attorney