IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. SAG -19-0039 |
| ) | |
| ) | |
| ) | |
| JEAN BUTEAU REMARQUE ) | |
| ) | |
| **Defendant** ) | |

**MOTION FOR A COURT ORDER TO COMPEL GOVERNMENT TO SECURE AND PROCURE PRESENCE OF MATERIAL WITNESS AT TRIAL**

Comes now the Defendant therein, Jean Remarque., through counsel, attorney Donald LaRoche., Esq., pursuant to the Confrontation Clause of the Sixth Amendment to the U.S. Constitution, and in does move the Court to issue a court order to compel the Government to secure and procure its material witness' attendance at trial in this matter, and in support thereof does state as follows:

**LEGAL FRAMEWORK**

The Sixth Amendment Confrontation Clause held that "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with witnesses against him, the right to cross-examine adverse witnesses. By guaranteeing these rights, Confrontation Clause serves to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in an adversarial proceeding."

In *Maryland v. Craig*, 497 U.S. 836, 845 (1990), the Supreme Court held that:

1

" A defendant's right to face-to-face confrontation gives way when "necessary to further an important public policy if the reliability of the testimony is otherwise assured. *Kentucky. v. Stincer*, 482 U.S. 730, 737 (1987) "Confrontation right designed to promote truth-finding function of trial." *United States v. Treacy*, 639 F.3d 32, 44 (2d. Cir. 2011) ("Confrontation right allows defendant to test witness's story and credibility.") *United States v. Hamilton*, 107 F.3d 499, 503 (7th Cir. 1997) "Confrontation right allows trier of fact to observe witness's demeanor, impress witness with seriousness of matter, assure identity of witness, and ensure witness is neither looking at notes or being coached.

When cross-examining a witness, the defendant must be permitted to test both the witness's credibility and the witness' knowledge of the material facts in the case. *Nappi v. Yelich*, 793 F.3d 246, 251-53 (2d Cir. 2015) "Confrontation clause violated when court precluded cross-examination of State's main witness because defendant was deprived of opportunity to question witness about motive to implicate defendant." *Olden v. Kentucky*. 488, U.S. 227, 231 (1988) (per curiam) "Confrontation Clause violated when defendant accused of kidnapping and rape not permitted to cross-examine complainant regarding cohabitation with boyfriend." United States v. Smith, 451 F.3d 209, 221 (4th Cir. 2006) "Confrontation Clause violated when court limited cross-examination of witness regarding destruction of drug evidence." *Lewis v. Wilkinson*, 307 F.3d 413, 420-21 (6th Cir. 2002) "Confrontation Clause violated when defendant prevented from using excerpts from alleged rape victim's diary because defendant did not have adequate opportunity to present theories of consent and improper motive."

The Confrontation Clause of the Sixth Amendment may prohibit the admission of hearsay evidence against a criminal defendant when the defendant lacks the opportunity to cross-examine the out-of-court declarant. However, the admission of out-of-court statements does not violate the Confrontation Clause if the declarant testifies at trial and is subject to cross-examination.

*Crawford v. Washington*, 541 U.S. 36, 68 (2004). See *Id*. at 59 n. 9 "When the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *United States v. Mejia*, 545 F.3d 179, 199 (2d Cir. 2008) "Confrontation Clause violated by admission of police testimony that relied on the truth of-out-court statements made by individuals under police interrogation." *United States v. Bordeaux*, 400 F.3d 548, 556 (8th Cir. 2005) "Confrontation Clause violated because witness's testimony through 2-way closed-circuit television did not qualify as appearing in court."

## ARGUMENT

In the case at hand the prosecutor contents that:

> "This case came to light because Mr. Remarque's ex-wife was home at night. His alarm went off on his phone. She went to swipe it to turn off the alarm, and there was WhatsApp messages that were on that phone, and those WhatsApp messages were communications with a 15-year-old child in Haiti. . ." See *Transcript of Bail Review Proceedings held in October 30, 2019*, (See Attachment - transcript, pg. 37, line 19 – 25).

Therefore, the whole case against the Defendant stems from the information provided by Ms. Wanna Nedgie Crevecoeur, defendant's then-estranged wife and the Government's material witness in this matter.

After the supposedly invasion of privacy[1], Ms. Crevecoeur accused that the Defendant was being engaged in questionable conduct via the WhatsApp application, with a "self-identified female minor" in Haiti. ECF #69, Ex. 1 at p. 8-18. However, no evidence has been adduced regarding the age of the fictitious "minor" and the government failed to make a prima facie case that the Defendant had knowledge of the text messages and was responsible for the text messages to be sent. The photos provided, claimed to be of the "minor female" cannot be ascertained to be the aggrieved party to the WhatsApp conversations.

---

[1] Both Title II of the Electronic Communication Privacy Act (Federal Stored Communication Act "SCA") 18 U.S.C. 2701 et Seq., and the Maryland Stored Communication Act, CJP 10-4A-01 et Seq., make it illegal to intentionally accessed "without authorization a facility through which an electronic communication service is provided" and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while it is in electronic storage in such system. Id. 2701(a).

3

There is also a claim of photos of other, unclothed, "minor females," and that some had "ejaculate" on their genitalia. *Id*. pp. 17-18. No basis for this "knowledge" has been supplied. The only evidence tying these allegations to the Defendant was Ms. Crevecoeur's alleged accusation made to law enforcement (on or about May 2018) that, "they were observed three-months before, screen captured and transferred to Wanna's cellular phone, while Mr. Remarque was at work" without his consent and knowledge. However, forensic examination performed on Mr. Remarque's cellphone has revealed that those allegations were fabricated stories by Ms. Crevecoeur for criminal, malicious and tortuous purposes

Indeed, on or about July 16, 2018, DHS S.A. Christine Carlson, without any independent investigation to corroborate Ms. Crevecoeur's made-up story, tainted and/or unlawfully obtained evidence applied for a Search Warrant to conduct a fishing expedition at Mr. Remarque's family home on July 17, 2018. SA Carlson's affidavit knowingly omitted from her affidavit any information about Ms. Crevecoeur's trustfulness, reliability, basis of knowledge, credibility motives to lie and animus toward her then-husband.

As a result, the either tainted or fabricated "WhatsApp" conversations would be inadmissible evidence in any respectable courts across the United States. However, in our jurisdiction a DHS Special Agent was allowed to introduce the contents of the Electronic Communication in a search warrant application to subvert the credibility and integrity of the district court, attempting to turn it into a "partner" to Ms. Crevecoeur's criminal and tortuous conduct, and to violate Mr. Remarque's Due Process of law.

What makes this case all the more troubling is that the United States has no jurisdiction[2] over the alleged "WhatsApp" conversations, and nothing about the alleged conversations, even if proven true, is intrinsically illegal.

Since Ms. Wanna Crevecoeur is the Defendant's sole accuser and arguably, appears to be the Government's material witness, thus, not having her appearance or not assuring her presence would seem deliberate, on the part of the Government, to confuse the trial proceedings and the process of truth-finding. Whereas considering that the Defendant would be essentially denied the opportunity to cross-examine Ms. Crevecoeur at trial. The defense had made due diligence to secure Ms. Crevecoeur's presence at trial, by attempting on numerous occasions to serve her with a summons, using her last known and disclosed address. However, it seemed like Mrs. Crevecoeur was intentionally avoiding the summons. Since the trial of this matter has been continuously prolonged, the Government should make due diligence to secure the presence of its witness. The Government's material witness's absence or failure to respond would substantially cast doubt about the Government's case against Mr. Remarque and should lead to the dismissal of the charges against Mr. Remarque.

[2] Assuming arguendo that, the WhatsApp conversations reprinted the commission of an offense. the U.S. magistrate judge, who issued the search warrant, lacked jurisdiction of the "offense" "being investigated" because the WhatsApp conversations, if proven true, was associated with two supposedly citizens of a foreign country, and law enforcement presented no evidence in the search warrant affidavit that the "offense" being investigated occurred in Maryland. See ex. *United States v. Barber*, 184 F. Supp. 3d 1013, 1017-18 (D. Kan. 2016) (Maryland magistrate judge lacked jurisdiction over the offense being investigated because the email account was associated with a Kansas resident and the government presented no evidence that the offense being investigated occurred in Maryland).

Therefore, for the purpose of leveling the playing field and to ensure the defendant's due process right to directly confront adverse witnesses guaranteed by the U.S. Constitution and to ensure the credibility and fundamental fairness of the proceeding, Ms. Crevecoeur's attendance and testimony at trial is necessary.

As such, for the foregoing reasons, this Honorable Court is respectfully requested to order the Government to make diligent and reasonable efforts to compel and procure Ms. Crevecoeur's attendance at trial

                                                Respectfully submitted
Donald LaRoche, Esquire for Defendant

_____/s/_____

Dated: February 13, 2021                Law Office of Donald LaRoche, PLLC
3360 Post Office Road #1801
Woodbridge, VA 22195
(774) 204-1016
dlaroche@dlesq,net

## **CERTIFICATE OF SERVICE**

I, Donald LaRoche, Esq., hereby certify that on this 13th day of February 2021, the foregoing document, filed through the ECF System was served electronically on the registered participants as identified on the notice of electronic filing and in accordance with the Local Rule.

_____/s/_____
Donald LaRoche
Attorney for the Defendant.