IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-19-39 |
| | * | |
| JEAN BUTEAU REMARQUE, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government hereby submits this memorandum in aid of sentencing the Defendant, Jean Buteau Remarque, scheduled for Thursday, August 19, 2021 at 2:00 p.m. On March 25, 2021, the Defendant was found guilty after trial by jury of all three counts charged in the Third Superseding Indictment—Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Counts One and Two), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). ECF No. 232.

The Government respectfully submits that a sentence within the guidelines, 121 months on Count One, 121 months on Count Two, and 120 months on Count 3, all to run concurrently, followed by a five year period of supervised release, is sufficient but not greater than necessary to comply with the objective of sentencing set forth in 18 U.S.C. § 3553(a). The Government further requests forfeiture as set forth in a separate motion, no fine, and special assessments of $300 plus $5,000 (pursuant to 18 U.S.C. §3014).

## FACTUAL BACKGROUND

On July 17, 2018, Department of Homeland Security, Homeland Security Investigations ("HSI") agents executed a search warrant at the residence of the Defendant in Greenbelt, Maryland. During the execution of the search warrant, agents seized several electronic devices, including a 2 TB

1

Toshiba USB external hard drive with serial number 150ATMD5T18B, which was manufactured in the Philippines. An on-scene preview and subsequent forensic analysis of the Toshiba hard drive revealed more than 300 images, including videos, of child pornography. The child sexual abuse material (CSAM) includes images of pre-pubescent children who had not attained the age of twelve years.

The following four images (among others) were located on **REMARQUE's** Toshiba hard drive, which was identified and admitted into evidence at trial as exhibit 6:

- **179.jpg** – an image that depicts a naked prepubescent girl lying on a bed with her legs spread. There is a second minor female lying between her legs with her mouth on the genitalia of the prepubescent female.

- **132.jpg** – an image that depicts a naked prepubescent female sitting on a toilet with her legs spread and her right hand near her vagina. There is an adult male erect penis penetrating the prepubescent female's vagina.

- **15.jpg** – an image that depicts a naked prepubescent female lying on her back. There is an adult male straddling the prepubescent female's head. The adult male's erect penis is in the prepubescent female's mouth and the index finger on the adult male's left hand is penetrating the prepubescent female's vagina.

- **146.jpg** – an image that depicts a naked prepubescent female from the chest down. The prepubescent female's legs are spread and there is a penis touching her vagina. There is semen on her stomach and genitalia.

Additionally, five images constituting CSAM were briefly published to the jury during trial, including exhibits 7, 9, 20a, 20b, and 20c. Exhibit 20a, specifically, depicted the following:

- **41.jpg** – an image that depicts a naked prepubescent female with her legs spread, exposing her genitalia. Each of the prepubescent female's wrists are tied with red rope to her legs. The

prepubescent female is depicted as using her mouth to attempt to untie the rope on her left wrist and leg.

Prior to July 17, 2018, on November 16, 2017 and November 22, 2017, **REMARQUE** knowingly received child pornography by downloading the child pornography images to his cell phone using a means or facility of interstate commerce, that is, the internet. **REMARQUE** then transferred the images of child pornography to the Toshiba hard drive where such images were located during the execution of the search warrant and subsequent forensic analysis. **REMARQUE** used a Lenovo laptop to view images of child pornography and move images of child pornography from his cell phone to his Toshiba hard drive. On July 17, 2018 **REMARQUE** admitted to knowingly possessing CSAM. **REMARQUE** also admitted to knowing the sexually explicit nature of the images on his hard drive and acknowledged that the images depicted actual minors engaged in sexually explicit conduct.

## ARGUMENT

The Government submits that a sentence of 121 months the appropriate term of imprisonment for the Defendant, to be followed by five years of supervised release.

**I.     The Defendant's Criminal History Category is I and His Total Offense Level is 32, Resulting in a Guidelines Range of 121-151 Months' Imprisonment.**

*Total Offense Level:* The Government agrees with Probation that the Total Offense Level is 32. (ECF No. 259 at ¶ 29.) The evidence supports the various guidelines enhancements applied by the United States Probation Office, despite the Defendant's objections. First, as described by SA Carlson in her testimony, and readily observed in Exhibit 6, the Defendant possessed CSAM involving "a prepubescent minor or a minor who had not attained the age of 12 years," justifying a 2-level increase in the offense score pursuant to U.S.S.G. § 2G2.2(b)(2). Second, a 4-level increase applies pursuant to U.S.S.G. §2G2.2(b)(4)(A), because exhibit 20a, described above, entitled **41.jpg**,

"portrays sadistic or masochistic conduct or other depictions of violence." *See United States v. Goldberg*, 491 F.3d 668, 674 (7th Cir. 2007), certiorari denied 552 U.S. 1041 (Upward adjustment in Sentencing Guidelines range was warranted for sadistic images, in imposing sentence for violating Child Pornography Prevention Act, where some of underlying images involved bondage of young children, sadistic and masochistic sexual activity with children, and vaginal penetration of two- and three-year-old girls by adult males); *United States v. Geerken*, 506 F.3d 461, 463-64 (6th Cir. 2007) (In sentencing defendant for possession of child pornography, district court did not clearly err in applying sentencing guidelines offense level enhancements for images of minors under the age of 12 and images of minors engaged in bondage and bestiality; district court viewed a representative sample of the images, and court had the benefit of the presentence report (PSR) prepared by a probation officer who also viewed a sample of the still and video images taken from defendant's computer before recommending enhancements for images involving children under 12 and sadistic and masochistic conduct, and defendant produced no evidence to challenge the correctness of the factual findings of either the probation officer or the district court); *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir. 1998) (Finding that defendant intended to possess material depicting minors in sadistic, masochistic, or other violent acts, as required to assess four-level enhancement in sentencing him for transporting in interstate commerce material depicting minors engaged in sexually explicit conduct, was supported by evidence of pictures of minors in bondage located on hard drive of defendant's computer, and of Internet conversations showing that, while looking for pictures, defendant stated that he was into "young action" and would "like to start trading," and documenting his trading of such images.)  Third, a 2-level increase applies pursuant to U.S.S.G. § 2G2.2(b)(6), because the counts of conviction involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.  The cell phone used by the Defendant to receive the CSAM, the Lenovo laptop,

4

and exhibit 6 where the CSAM was stored are all "computers" as defined in the sentencing guidelines.  See U.S.S.G. § 2G2.2(b)(6) comment. (n. 1); 18 U.S.C. § 1030(e)(1).  Fourth and finally, Exhibit 6 from the trial contains over 300 digital images and videos of CSAM (each video counts for 75 images under U.S.S.G. § 2G2.2, comment. (n. 6(B))).

*Criminal History Category:*  The Government agrees with Probation that the Defendant's Criminal History Category is I.  (*Id.* ¶ 32.)

*Guidelines Range:*  Given the above calculations, the Government agrees with Probation that the Defendant's guidelines range is 121-151 months' imprisonment.  (*Id.* ¶ 54.)

## II. A 121 month Sentence is Sufficient, But No Greater Than Necessary, to Achieve the Goals of Sentencing.

The Government submits that, considering the factors listed in 18 U.S.C. § 3553(a), a 121-month term of imprisonment, to be followed by five years of supervised release, is a sufficient—but no greater than necessary—sentence for the Defendant.  A 121-month sentence of imprisonment is at the bottom of the guidelines for these offenses. (*Id.* at 16.)

A sentencing court must follow the three-step process set forth by *Gall v. United States*. *See* 522 U.S. 38 (2007).  First, the court must properly determine the Guideline range. *See id.* at 49 (citing *Rita v. -United States*, 551 U.S. 338, 347-48 (2007)). Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the Guideline range. *See id.* at 49-50. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted. *See id*.

The statutory factors for the court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services;

and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661. "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir.), *cert. denied,* 555 U.S. 977, 129 S.Ct. 476, 172 L.Ed.2d 341 (2008) (quoting *Gall,* 552 U.S. at 51).

Applying this framework, taking into account the totality of the § 3553(a) factors, a 121-month sentence of imprisonment is sufficient, but no greater than necessary, for Mr. Remarque.

As set forth in the probable cause section of the search warrant that was upheld after several defense challenges, this case arose from a report by the Defendant's then-wife, who found whatsapp communications on the Defendant's cell phone between him and a fifteen-year-old girl in Haiti, where the Defendant wrote to the child, in essence, that he wanted to marry her and be her first and last sexual encounter.  The Defendant's wife subsequently reviewed the photo gallery of the Defendant's then-cell phone, and further reported seeing pictures of pre-pubescent girls engaged in sexual conduct.  The Defendant's conduct was more than just a betrayal of his marriage vows and the person who sponsored his being in the United States due to that relationship.  Because the Defendant and his then-wife had met through their work and interest in the field of child protection, his conduct cast doubt upon the foundation upon which their relationship, and indeed his presence in the United States, was built.  It further raised, and continues to raise, serious concerns about the Defendant's motives for working in the international child protection field, and clearly required that SA Carlson investigate whether the Defendant was engaged in the sexual exploitation of children. That investigation resulted in a jury unanimously finding that the Defendant repeatedly violated

federal law, by receiving child pornography and possessing it.  The nature of these offenses, in light of the Defendant's history and occupation, does not support a downward variance.

The sentence requested by the Government would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and perhaps most importantly, protect the public.  Having reviewed the Defendant's sentencing submission, the Court clearly cannot rely on those who previously worked with the Defendant in the area of international child protection to ensure that the Defendant has no access to some of the world's most vulnerable children in the future.  The Defendant himself has expressed no remorse for what led to his incarceration, despite his admissions to the conduct to SA Carlson, and throughout this litigation has asserted that he was the victim of the conduct of his then-spouse.  This is not someone who has demonstrated an interest in rehabilitation.  This Court has no reason to believe that the Defendant, despite his significant pretrial detention, has been deterred from seeking relationships with minor girls and seeking out CSAM to satisfy his own sexual proclivities regardless of the consequences to the victims.  No evaluation his been undertaken to inform the Court of the Defendant's likelihood for reoffending, or to shed light on why he exploited prepubescent females.  In short, there is nothing in the Defendant's background or conduct during the course of this litigation that supports a downward-variant sentence.

## **CONCLUSION**

For the reasons stated, as well as those presented at the sentencing hearing, where the Government reserves the right to call SA Carlson, the Government submits that a sentence of imprisonment for 121 months, to be followed by five years of supervised release, is an appropriate disposition of this matter.

        Respectfully Submitted,

        JONATHAN F. LENZNER
        United States Attorney

By:    <u>/s/ Timothy F. Hagan, Jr.</u>
        Timothy F. Hagan, Jr.
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on this day, **August 6, 2021**, a copy of the foregoing Government's Sentencing Memorandum was electronically filed and delivered via ECF to all counsel of record in this matter.

   /s/ Timothy F. Hagan, Jr.
Timothy F. Hagan, Jr.
Assistant United States Attorney